FRANK WINTERS, PLAINTIFF-RESPONDENT, v. JULIUS DOROVITZ, DEFENDANT-APPELLANT.

Submitted January 27, 1933—Decided July 10, 1933.

Before Justices BODINE and DONGES.

For the appellant, *Frank G. Turner.*

For the respondent, *McCarter & English.*

PER CURIAM.

This is an appeal from a judgment of the Essex Common Pleas entered upon the verdict of a jury after a trial before Judge Flanagan. Plaintiff was a traffic officer and on February 22d, 1931, he was stationed at his post at Clinton avenue and Bergen street, Newark. He was standing almost in the center of the intersection permitting a trolley to turn from a southerly course on Bergen street to its left in an easterly direction on Clinton avenue. He was holding up his hand stopping east and west traffic. Defendant came east on Clinton avenue, continued across the intersection and struck plaintiff, inflicting serious injuries to his left arm.

1. The first point is that it was an abuse of discretion for the trial court to refuse a mistrial after certain remarks were made by the plaintiffs attorney. It is sufficient to say that no exception was taken to the court's refusal to grant the motion.

2. The second point has to do with an overruling of an

objection to a question asked of plaintiff, but the record discloses that the question was not answered, so there could be no possible harm.

Points 3 to 8, inclusive, are not argued and are, therefore, taken as having been abandoned.

Points 9 and 10 have to do with the refusal to charge requests on the subject of damages. There was testimony from a physician connected with the police department that plaintiff was unfit for continued service as a patrolman and would have to be retired as disabled. The requests under consideration sought to charge damages for such a contingency out of the case, but under the proofs this was a proper matter to be submitted to the jury.

11. That the court should have charged:

"Defendant was not under a duty to anticipate that the plaintiff would be standing between the rails of a trolley track near a trolley car that was switching from the north to the east, from one public street to another."

Defendant knew this corner was regulated by a traffic officer. He saw that traffic was moving on the cross street. He was under a duty to exercise reasonable care. The charge was properly refused.

12. That it was error to refuse to charge:

"If the plaintiff changed his position in the street because a trolley car was making a turn, then it was his business and duty to use ordinary care to see that he did not collide with a moving automobile proceeding along Clinton avenue."

This request disregards the admitted facts of the case. There was no evidence that he had moved, and further he was entitled to rely upon traffic on Clinton avenue obeying his signal and stopping.

13. That it was error to charge the jury respecting compulsory retirement on half pay because of disability. The plaintiff asserted such a claim in a bill of particulars. There was evidence that he was unfit for further service and would have to be retired. There was, therefore, no error in stating the law on this subject and telling the jury it was a matter for them to take into consideration.

The judgment is affirmed, with costs.